**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

**FRANKLIN WHITSON** **PETITIONER**
***Reg #90530-510***

**V.** **CASE NO. 2:26-cv-00067-BSM-JTK**

**C. HUMPHREY** **RESPONDENT**

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

This Recommendation for dismissal has been sent to Judge Brian S. Miller. Any party to this suit may file objections if they disagree with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If parties do not file objections, they risk waiving the right to appeal questions of fact. And, if no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record.

### I. Introduction

Franklin Whitson, an inmate in the Federal Correctional Institution of the Bureau of Prisons ("BOP"), has filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. No. 1) On July 9, 2026, this Court ordered that Mr. Whitson file an amended petition and name the proper respondent. (Doc. No. 5) On August 4, 2026, Mr. Whitson filed an amended petition for Writ of Habeas Corpus. (Doc. No. 7) In the petition, Mr. Whitson contends that the BOP improperly denied his request to be placed in a halfway house.

On September 3, 2026, Mr. Whitson filed a notice advising the Court that his address will now be 2424 N.W. First Street, Oklahoma City, Oklahoma. (Doc. No. 13) This address change indicates that Mr. Whitson no longer resides at Forrest City Low in Forrest City, Arkansas. In addition, the BOP website indicates that Mr. Whitson was released from BOP custody on September 3, 2026. FED. BUREAU OF PRISONS, *Find an inmate.: BOP Register Number 90530-510*, https://www.bop.gov/mobile/find_inmate/index.jsp#inmate_results (last visited October 19, 2026).

Pursuant to 28 U.S.C. § 2241, a writ of habeas corpus shall not extend to a prisoner unless he is "in custody." *See Copley v. Keohane*, 150 F.3d 827, 829 (8th Cir. 1998) (when a prisoner is no longer in custody, there is no entity the Court can order to effect release, therefore petitioner's § 2241 petition is moot); *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("the essence of habeas corpus is an attack by a person in custody upon the legality of that custody. . ."); *Ku S. v. Secretary, Dep't. of Homeland Security*, 2020 WL 8083657, *2 (D. Minn. Dec. 15, 2020) ("When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances … and a federal court can no longer grant effective relief,' the case is considered moot.") (quoting *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000)).

The United States Supreme Court has held that the only proper respondent in a § 2241 petition is the inmate's custodian—i.e., the warden of the facility where the prisoner is confined. *See Rumslfield v. Padilla*, 542 U.S. 426, 434-35 (2004) ("We summed up the plain language of the habeas statute over 100 years ago in this way: '[T]hese provisions contemplate a proceeding against some person who has the *immediate custody* of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary.'") (emphasis in original) (quoting *Wales v. Whitney*, 114 U.S. 564,

574 (1885)).

On September 8, 2026, this Court ordered that Mr. Whitson show cause within 30 days as to why his case should not be dismissed as moot. (Doc. No. 14) That Order also warned Mr. Whitson that his failure to comply would result in the recommended dismissal of his petition. More than 30 days have passed, and Mr. Whitson has not filed anything with the Court or otherwise responded to the Order. Under these circumstances, the Court concludes that the petition should be dismissed without prejudice for failure to comply with Local Rule 5.5(c)(2), and for failure to respond to the Court's Order. *See Miller v. Benson*, 51 F.3d 166, 168 (8th Cir. 1995) (District courts have inherent power to dismiss *sua sponte* a case for failure to prosecute, and exercise of that power is reviewed for abuse of discretion).

Mr. Whitson was released from custody. As such, he is not entitled to relief under § 2241 because his release has rendered the petition moot.

## II. Certificate of Appealability

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rule Governing Section 2254 Cases in the United States District Courts. The Court can issue a certificate of appealability only if Mr. Whitson has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Mr. Whitson has not provided a basis for the Court to issue a certificate of appealability. Accordingly, a certificate of appealability should be denied.

## III. Conclusion

For the reasons set forth above, IT IS RECOMMENDED that the Amended Petition for Writ of Habeas Corpus (Doc. No. 7) be dismissed with prejudice.

DATED THIS 19th day of October, 2026.

UNITED STATES MAGISTRATE JUDGE